## No. 9644.

### KENNEY *v.* DAUGHERTY.

1. PLEADING—*Construed.* Complaint in an action of forcible entry construed and held to comply with the requirements of Rev. Stat. sec. 2609.

An allegation that defendant by, "beating plaintiff, and by superior strength and numbers, with threats of violence, did forcibly eject plaintiff," is an allegation not of mere evidence, but of material facts.

The answer merely denying that defendants took posession by force was held not a compliance with Rev. Stat. sec. 2612.

2. FORCIBLE ENTRY—*Pleadings.* The pleadings in an action of forcible entry are governed by the statute giving that action, and not by the code.

*Error to Sedgwick District Court, Hon. L. C. Stephenson, Judge.*

Messrs. MUNSON & MUNSON, for plaintiffs in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action brought under the forcible entry and detainer act. A complaint was filed, as required by the statute, and in due time the defendants, plaintiffs in error here, filed their answer.

The action came on for trial in the District Court. At the conclusion of the evidence for the plaintiff, defendant in error here, and upon the calling of the first witness for the defendants, the plaintiff objected to the witness being sworn, or to any evidence being introduced by the defendant, on the ground, as stated in the objection, "that there is no answer in this case which permits the introduction of any testimony whatsoever upon the part of the defendant." The objection was sustained, and thereupon, on motion of the plaintiff, the court directed a verdict in favor of the plaintiff. Thereafter judgment was entered accordingly. The defendants have sued out a writ of error, and the cause is before us upon their application for a supersedeas.

The theory upon which the trial court's rulings and the judgment were based, is that the defendant's answer fails to meet the requirements of section 2612 R. S. 1908 (sec. 2972 M. A. S. 1912), in the part thereof which provides that the answer in proceedings of this kind, "shall either specifically admit or deny all of the material facts set forth in (the) complaint." This theory is challenged by the defendants,

and defended by the plaintiff. The sufficiency of the answer is the only question necessary to be determined.

The allegations of the complaint, omitting caption, prayer, and verification, are as follows:

"Comes now the plaintiff and for cause of action against the defendants alleges and says:

I.

"That at the time hereinafter mentioned, and for a long time prior thereto, to-wit: from the 8th day of December, 1915, to said time, plaintiff was in the actual and peaceable possession of the dwelling house, barn and granary situated on the North-west Quarter of Section Nineteen, Township Ten North, Range Forty-five West of the Sixth Principal Meridian, in Sedgwick County, Colorado, and of the yard containing said buildings, and of the South 60 acres of said quarter section of land; to the possession of which plaintiff is now entitled.

II.

"That on or about the 23rd day of March, 1919, the said defendants entered by force into the said dwelling house, and by shoving and pushing the plaintiff and his wife out of the way entered into a bed room of said house and locked themselves in said room and forcibly held the possession thereof until the 26th day of March, 1919, when with the assistance of the father and brother of said first named defendant they reentered all of the remainder of said house, and did then by taking hold of plaintiff, and by beating and striking him, and by their superior strength and numbers, and with threats of violence, did forcibly eject this plaintiff and his family out of said house, and thereupon the said defendants with said assistance did move the stove and furniture of plaintiff out of said house and left it there without protection, and exposed to the weather. That this plaintiff was there present, and objected to all of the said acts on the part of the defendants and their assistants, but the defendants continued in their unlawful acts and moved their own

furniture into said house and occupied the same, and, by threatening plaintiff, ordered him to stay off of all of said premises herein described and by force, violence and threats detained and held, and do now detain and hold, possession of said premises, against the plaintiff, as in this complaint alleged."

The answer of the defendants contains no admission, specific or otherwise, of the allegations, or of any one of them, which are set forth in paragraph II of the complaint, above quoted. The answer contains a denial in the following words:

"That the defendants deny the taking possession of said property by these defendants was by force; on the contrary allege the fact to be that they took peaceable possession of said premises.   *   *   *

The defendants contend that the answer, in the foregoing form, "specifically denied all of the material facts set forth in the complaint," and therefore complied with the statute. The theory on which this contention is based, appears to be that the only material fact set forth in paragraph II of the complaint is "that the defendants entered by force into the said dwelling house." The defendants' counsel assume that all other allegations in that paragraph were merely a pleading of evidence. This theory is not tenable. Many, if not all, of the allegations following the one last above quoted, and denied in the answer, are allegations of material facts, and were properly pleaded in accord with section 2609 R. S. 1908 (sec. 2969 M. A. S. 1912) which requires that the complaint "shall set forth the substantial facts upon which the plaintiff relies." As stated in 19 Cyc. 1150, "the complaint should embody such a statement of facts as brings the party clearly within some one of the class of cases for which the statutes provide a remedy." The statute provides what acts constitute forcible entry and detainer, and what acts shall make a party deemed guilty of forcible detainer. It was proper for the plaintiff to allege any operative facts which would be descriptive of acts constituting either forcible entry and detainer or forcible detainer. It

was an allegation of a material fact, where the complaint alleged that the defendants, "by beating and striking (plaintiff), and by their superior strength and numbers, and with threats of violence, did forcibly eject this plaintiff and his family out of said house." The answer, merely denying that the defendants took possession of the property by force, was not a specific denial of the allegation above quoted. It was therefore not a sufficient answer, under the forcible entry and detainer statute, which requires that the answer either specifically admit or deny all of the material facts alleged in the complaint. Such statute, and not the code of civil procedure, governs the matter of pleading in the respect here considered. This opinion is not concerned with any code provision, but is confined strictly to the sections of the forcible entry and detainer act above cited.

It was not necessary to note other allegations of the complaint. Enough has been stated to show that there are allegations of material facts set forth in the complaint which which were not either specifically admitted or denied in the answer, as required by the statute. The defendant's contention is therefore overruled.

The assignments of error, as argued, present no other question than that above determined. The application for a supersedeas is denied, and the judgment is affirmed.

Affirmed.

Chief Justice Garrigues and Mr. Justice Bailey concur.